UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER DEFRANCESCO and
CHRISTINA DEFRANCESCO,

        Plaintiffs,

v.                                      Case No: 2:14-cv-27-FtM-29DNF

VERIPRO    SOLUTIONS    INC.,
WEINSTEIN  PINSON  &  RILEY,
P.S.,  and  VANTIUM  CAPITAL,
INC.,

        Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on review of Defendants'
Motions to Dismiss the Amended Complaint (Docs. ##35, 41, 43) filed
on May 27, May 30, and June 6, 2014, respectively.  Plaintiff filed
a Response (Doc. #47) on July 9, 2014.  With leave from the Court,
Defendants filed Replies (Docs. ##54-56) on August 6, 2014.  For
the reasons set forth below, Defendants Weinstein Pinson & Riley,
P.S.'s (WPR) and Vantium Capital, Inc.'s (Vantium) motions are
granted and Defendant Veripro Solutions Inc.'s (Veripro) motion is
granted in part and denied in part.

**I.**

Plaintiffs Christopher and Christina DeFrancesco have filed
a sixteen-count Amended Complaint (Doc. #34) against Defendants
Veripro, WPR, and Vantium alleging violations of the Florida
Consumer Collection Practices Act (FCCPA) and the Fair Debt

Collection Practices Act (FDCPA).  The underlying facts, as set forth in the Amended Complaint, are as follows:

In 2006, Plaintiffs obtained a mortgage from Nationstar Mortgage, LLC (Nationstar) for a residence located in Lee County, Florida.  (Id. at ¶¶ 8-9.)  Plaintiffs defaulted on the mortgage and, in 2011, Nationwide obtained a foreclosure judgment against Plaintiffs.  (Id. at ¶¶ 9-12.)  The mortgaged property was sold at auction and, although the property sold for less than Plaintiffs' remaining mortgage debt, no deficiency judgment was issued for the balance. (Id.)

In December 2011, Veripro contacted Plaintiffs via a letter stating that Veripro had been retained "to secure payment of the deficiency balance of $62,160.87." (Id. at ¶¶ 13-19.)  Throughout 2012 and 2013, Veripro sent a series of similar letters, some of which stated that Veripro "reserve[ed] the statutory rights to lien or levy your personal property as well as proceed with wage garnishment" and that "a recommendation to file a lawsuit to collect this debt may be the next step." (Id.)  In addition to the letters, Veripro placed at least 120 phone calls to Plaintiffs in an effort to collect the alleged deficiency balance.  (Id. at ¶¶ 22-23.)  At least one of those phone calls was made after 9:00 p.m. (Id. at ¶ 23.)  Subsequently, Plaintiffs received collection letters from WPR, who identified themselves as Veripro's legal counsel.  (Id. at ¶¶ 20-21.)  Following those communications, Plaintiffs' debt was transferred to a different debt collector,

Vantium, who sent Plaintiffs a letter stating that as of December 3, 2012 Plaintiffs owed a deficiency balance of $80,122.44. (Id.)

Plaintiffs contend that Defendants' communications were deceptive and misleading because Defendants did not disclose that they had only a potential claim for the deficiency balance and because each communication demanded a sum certain despite the fact that a court had yet to issue a deficiency judgment. Plaintiffs further contend that the frequency and timing of Veripro's calls constituted harassment and that Veripro's threat of legal action was prohibited. According to Plaintiffs, these actions violate various provisions of the FCCPA and the FDCPA. Defendants now move to dismiss the Amended Complaint, arguing that each count fails to state a claim upon which relief can be granted. Plaintiffs respond that each count is adequately pled.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A.   Claims Common To All Defendants**

**1.   Counts II, V, And VII-XVI**

The FCCPA prohibits a party collecting consumer debts from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or

4

assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). Similarly, the FDCPA prohibits a debt collector from misrepresenting "the character, amount, or legal status of any debt," from using "any false representation or deceptive means to collect or attempt to collect any debt," and from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f.

In Counts II, V, and VII-XVI, Plaintiffs allege that Defendants violated the aforementioned provisions of the FCCPA and the FDCPA by asserting an "absolute legal right to collect a liquidated sum certain" despite the fact that the deficiency balance had not been reduced to a deficiency judgment, and by characterizing "the alleged debt as a presently due and owing 'deficiency balance' instead of a *potential claim* for a deficiency balance." (See, e.g., Doc. #34, ¶ 68 (emphasis in original).) In essence, Plaintiffs argue that, absent a deficiency judgment, Defendants were not entitled to collect a deficiency balance and, therefore, any communication asserting that a deficiency balance was "owed" or "due" was a misrepresentation. To be sure, Plaintiffs do not allege that Defendants overstated or otherwise misrepresented the amount of the alleged deficiency balance. Instead, Plaintiffs contend that the mere act of asserting that a deficiency balance was due, in and of itself, was a misrepresentation.

Defendants respond that Plaintiffs owed the deficiency balance (and Defendants therefore had a right to attempt to collect it) even if Defendants had yet to obtain a deficiency judgment. (Docs. ## 35, 41, 43, 54-56.)  According to Defendants, this means that their communications with Plaintiffs, even to the extent those communications implied a legal right to the deficiency balance, were not misrepresentations.  The Court agrees with defendants.

Plaintiffs do not cite, and the Court is not aware of, any case law holding that the holder of a mortgage on a foreclosed property has no right to collect a deficiency balance prior to reducing that balance to a judgment.  In a Notice of Supplemental Authority (Doc. #57), Plaintiffs argue that Hammond v. Kingsley Asset Management, LLC, No. 2D13-4425 (Fla. 2d DCA Aug. 13, 2014), a case recently decided by Florida's Second District Court of Appeals, supports their contention.  However, Hammond merely holds that a mortgage holder who obtained both a foreclosure judgment (for the full amount owed on the mortgage) and a judgment for damages for breach of the note (also for the full amount owed on the mortgage) could not enforce the judgment for damages once the property had been sold at a foreclosure auction.  Id. at 5-6. Otherwise, the mortgage holder could potentially recover in excess of the full amount owed.  Id.  Instead, in such cases the proper procedure is for the mortgage holder to seek a deficiency judgment for the deficiency balance.  Id.  However, Hammond does not hold that a party with a right to seek a deficiency judgment cannot

seek to collect the deficiency balance prior to initiating legal action to reduce that balance to a judgment.[1]

To the contrary, Florida law provides that the mortgage holder "shall also have the right to sue at common law to recover [a deficiency balance], unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment." Fla. Stat. § 702.06. See also Symon v. Charleston Capital Corp., 242 So. 2d 765, 767 (Fla. 4th DCA 1970) ("[T]he full indebtedness secured by the mortgage is not ipso facto satisfied merely because of the mortgagee's subsequent failure to apply for a deficiency judgment. The mortgagee, without seeking a deficiency judgment at all, can bring a new and separate action on the obligation itself.") Given that the mortgage holder has the right to file suit to collect a deficiency balance, it would be illogical to prevent the mortgage holder from contacting the debtor in an attempt to recover the deficiency balance prior to filing suit.

Accordingly, Defendants' communications stating that a deficiency balance was owed were not, in and of themselves, misrepresentations. Likewise, as Plaintiffs do not allege that the deficiency balance was zero, Defendants were permitted to

---

[1] Relatedly, Plaintiffs have moved to strike Defendants' Response (Doc. #58) to Plaintiffs' Notice of Supplemental Authority. (Doc. #59.) Without relying on Defendants' Response and as set forth above, the Court concludes that Hammond is inapplicable to the facts of this case. Accordingly, Plaintiffs' motion to strike is denied as moot.

include the correct amount owed in their collection letters.  Thus, because Plaintiffs to not contest the accuracy of the deficiency balances stated in Defendants' letters, the mere fact that Defendants referenced specific dollar figures cannot serve as the misrepresentations underlying a claim for breach of the FCCPA and/or FDCPA.  See LeBlanc v. Unifund CCR Partners, G.P., 552 F. Supp. 2d 1327, 1341 (M.D. Fla. 2008) (absent other impermissible conduct, a demand for payment of a legitimate debt will not support an FDCPA or FCCPA claim), rev'd on other grounds, LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).  Therefore, Counts II, V, and VII-XVI are dismissed for failure to state a claim upon which relief can be granted.

**B.   Claims Unique To Veripro**

**1.   Count I – Fla. Stat. § 559.72(7)**

The FCCPA prohibits a party collecting consumer debts from "[w]illfully communicat[ing] with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."  Fla. Stat. § 559.72(7).  Here, Plaintiffs allege that Veripro called them at least 120 times since early 2012, sometimes as often as three times per day.  (Doc. #34, ¶¶ 22, 33-34.)  According to Plaintiffs the volume and frequency of calls could reasonably be expected to abuse or harass them.  (Id.)

In response, Veripro contends that various courts have concluded as a matter of law that the frequency and volume of calls alleged by Plaintiffs does not violate the FCCPA. (Doc. #35, p. 9.)  See also, e.g., Waite v. Fin. Recovery Servs., Inc., No. 09-CV-02336, 2010 WL 5209350, at *4-6 (M.D. Fla. Dec. 16, 2010) (132 calls over the course of nine months did not demonstrate an intent to annoy, abuse or harass).  However, the cases cited by Veripro were decided in the context of motions for summary judgment and required analysis of the specific timing and content of the calls. See also, e.g., id.  Such a detailed inquiry is inappropriate in the context of a motion to dismiss.  Thus, taking the Amended Complaint's allegations as true, Plaintiffs have plausibly alleged an entitlement to relief and, therefore, Count I is adequately pled.

### 2.   Count III – Fla. Stat. § 559.72(17)

The FCCPA prohibits a party collecting consumer debts from "[c]ommunicat[ing] with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor."  Fla. Stat. § 559.72(9).  Plaintiffs allege a single instance, in "early 2012," when Veripro called them at approximately 9:18 p.m.  (Doc. #34, ¶ 23.)  Though Veripro is correct that FCCPA claims must be brought within two years of the alleged misconduct, Fla. Stat. § 559.77(4), Plaintiffs allege that the call in question "was placed within the two years prior to

filing the instant action." (Doc. #34, ¶ 23.) Accordingly, Count III is adequately pled.

### 3.  Count IV – 15 U.S.C. § 1692d(6)

The FDCPA prohibits a debt collector from placing telephone calls to a debtor "without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d(6). Plaintiffs allege that Veripro left numerous voicemails on Plaintiffs' cell phones that did not disclose Veripro's identity. However, Plaintiffs do not describe the content of the alleged messages left by Veripro, explain how those messages failed to provide a meaningful disclosure of Veripro's identity, or provide any additional factual support for their allegations. Thus, Plaintiffs have pled nothing more than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" prohibited by Iqbal. 556 U.S. at 678. Accordingly, Count IV is dismissed for failure to state a claim upon which relief can be granted.

### 4.  Count VI – 15 U.S.C. § 1692e(5)

The FDCPA prohibits a debt collector from "threat[ing] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiffs allege that Veripro violated this provision by claiming that it would file a lawsuit to collect the deficiency balance if Plaintiffs failed to contact Veripro immediately. (Doc. #34, ¶¶ 76-77.) According to Plaintiffs, Veripro never intended to file suit, as evidenced by the fact that Veripro never did file suit (and

10

subsequently transferred Plaintiffs' debt to Vantium) despite the fact that Plaintiffs failed to respond to Veripro as requested. (Id.)  While Veripro is correct that the Amended Complaint does not allege that Veripro did not have the legal right to file suit, that is not the thrust of Plaintiffs' claim.  Instead, Plaintiffs argue that the threat of lawsuit was an idle one because Veripro never intended to file suit (regardless of whether or not they had the right to do so).  Such idle threats, if proven, would entitle Plaintiffs to recovery under 15 U.S.C. § 1692e(5).  See Newman v. Ormond, 456 F. App'x 866, 868 (11th Cir. 2012).  Accordingly, Count VI is adequately pled.

Accordingly, it is now

**ORDERED:**

1.   Defendant Veripro Solutions Inc.'s Motion to Dismiss (Doc. #35) is **GRANTED IN PART and DENIED IN PART.**  Counts II, IV, V, VII, and VIII of the Amended Complaint are **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.  The motion is otherwise denied.

2.   Defendant Weinstein Pinson & Riley, P.S.'s Motion to Dismiss (Doc. #41) is **GRANTED** and the Amended Complaint is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

3.   Defendant Vantium Capital, Inc.'s Motion to Dismiss (Doc. #43) is **GRANTED** and the Amended Complaint is **dismissed**

**without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

4. Plaintiffs Motion to Strike Defendants' Joint Response to Plaintiffs' Notice of Supplemental Authority (Doc. #59) is **DENIED as MOOT**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record