UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTOPHER DEFRANCESCO and
CHRISTINA DEFRANCESCO,

      Plaintiffs,

v.                          Case No: 2:14-cv-27-FtM-29DNF

VERIPRO SOLUTIONS INC.,
WEINSTEIN PINSON & RILEY,
P.S., and VANTIUM CAPITAL,
INC.,

      Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on review of Defendants'
Motions to Dismiss (Docs. ##68, 70, 74) filed on October 6 and
October 10, 2014.  Plaintiffs filed Responses (Docs. ##77-79) on
November 3, 2014.  For the reasons set forth below, Defendants'
motions are denied.

**I.**

Plaintiffs Christopher and Christina DeFrancesco have filed
an eleven-count Second Amended Complaint (Doc. #61) against
Defendants Vantium Capital, Inc. (Vantium), Veripro Solutions Inc.
(Veripro), and Weinstein Pinson & Riley, P.S. (WPR) alleging
violations of the Florida Consumer Collection Practices Act
(FCCPA) and the Fair Debt Collection Practices Act (FDCPA).  The

underlying facts, as set forth in the Second Amended Complaint, are as follows:

In 2006, Plaintiffs obtained a mortgage from Nationstar Mortgage, LLC (Nationstar) for a residence located in Lee County, Florida. (Id. at ¶¶ 8-9.) Plaintiffs defaulted on the mortgage and, in 2011, Nationstar obtained a foreclosure judgment against them. (Id. at ¶¶ 9-12.) The mortgaged property was sold at auction and, although the property sold for less than Plaintiffs' remaining mortgage debt, no deficiency judgment was issued for the balance. (Id.)

In December 2011, Veripro contacted Plaintiffs via a letter stating that Veripro had been retained "to secure payment of the deficiency balance of $62,160.87." (Id. at ¶¶ 13-19.) Throughout 2012 and 2013, Veripro sent a series of similar letters, some of which stated that Veripro "reserve[ed] the statutory rights to lien or levy your personal property as well as proceed with wage garnishment" and that "a recommendation to file a lawsuit to collect this debt may be the next step." (Id.) In addition to the letters, Veripro placed at least 120 phone calls to Plaintiffs in an effort to collect the alleged deficiency balance. (Id. at ¶¶ 23-24.) At least one of those phone calls was made after 9:00 p.m. (Id. at ¶ 24.) Subsequently, Plaintiffs received collection letters from WPR, who identified themselves as Veripro's legal counsel. (Id. at ¶ 20.) Following those communications,

Plaintiffs' debt was transferred to a different debt collector, Vantium, who sent Plaintiffs a letter stating that as of December 3, 2012 Plaintiffs owed a deficiency balance of $80,122.44. (Id. at ¶ 21.)

Plaintiffs contend that Defendants' communications were deceptive and misleading because the amounts alleged to be owed were incorrect and/or mischaracterized. Plaintiffs further contend that the frequency and timing of Veripro's calls constituted harassment, that Veripro's threat of legal action was prohibited, and that WPR sought to collect late fees to which it was not entitled. According to Plaintiffs, these actions violate various provisions of the FCCPA and the FDCPA.

Defendants now move to dismiss Counts II, V, and VII-XI of the Second Amended Complaint, arguing that each count fails to state a claim upon which relief can be granted. In addition, WPR moves to strike Plaintiffs' demand for a jury trial, arguing that Plaintiffs waived that right in the underlying mortgage. Plaintiffs respond that each challenged count is adequately pled and that their jury trial demand is proper.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity

and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

**A.   Counts II, V, VII, VIII, X, and XI**

The FDCPA prohibits a debt collector from misrepresenting "the character, amount, or legal status of any debt." 15 U.S.C. §§ 1692e(2)(A). The FCCPA, the "Florida state analogue to the federal FDCPA," Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010), similarly prohibits a debt collector from "[c]laim[ing], attempt[ing], or threaten[ing] to enforce a debt when such person knows that the debt is not legitimate, or assert[ing] the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9). The FCCPA is construed in accordance with the FDCPA. Oppenheim, 627 F.3d at 839.

In Counts II, V, VII, VIII, X, and XI, Plaintiffs allege that Defendants violated the FCCPA and the FDCPA by misrepresenting that Plaintiffs owed a deficiency balance of either $62,160.87 (the amount Veripro and WPR attempted to collect) or $80,122.44 (the amount Vantium attempted to collect). According to Plaintiffs, Defendants attempted to collect those amounts despite knowing that Plaintiffs did not owe them. In support, Plaintiffs highlight that Veripro claimed it was owed a deficiency balance of $62,160.87 while, just five months later, Vantium claimed that

Plaintiffs owed $80,122.44 for the very same debt. According to Plaintiffs, this discrepancy is evidence that the amounts demanded by Defendants were knowingly "cherry-picked" and did not reflect the true amount of their debt.

In response, Defendants note that the Final Judgment of Foreclosure entered against Plaintiffs calculates their loan deficiency as $187,987.44. (Doc. #61-2.) According to Defendants, they demanded lesser amounts due to the uncertainty inherent in reducing the Final Judgment of Foreclosure to a deficiency judgment. However, as alleged by Plaintiffs and supported by the exhibits attached to the Second Amended Complaint, that is not what the collection letters conveyed. The letters allegedly portray $62,160.87 and $80,122.44 as the actual deficiency balance owed by Plaintiffs. (Docs. ##61-4 to 61-12.) Nowhere in the letters do Defendants state that the actual deficiency balance is much higher or that Plaintiffs are being given an opportunity to resolve their debt at a discount. (Id.) As such, Defendants' argument that Plaintiffs truly owed in excess of $187,000 *supports* Plaintiffs' allegation that Defendants knowingly mischaracterized the amount of their debt.

Defendants further argue that any alleged misrepresentations cannot give rise to FDCPA and FCCPA liability because Defendants sought to collect *less* than the full amount owed. However, Defendants do not cite, and the Court is not aware of, any case

law holding that a debt collector who knowingly misrepresents the amount owed does not run afoul of the FDCPA or FCCPA simply because the misrepresentation is for a lesser amount.

In sum, as alleged by Plaintiffs, Defendants demanded payment for an amount they knew was incorrect.  Those allegations, if proven, would entitle Plaintiffs to recovery under the FCCPA and FDCPA.  See Hepsen v. Resurgent Capital Servs., LP, 383 F. App'x 877, 882 (11th Cir. 2010) (affirming denial of summary judgment where debt collector had not shown undisputed evidence that its demand letter stated the accurate debt amount).  Accordingly, Defendants' motions to dismiss are denied as to Counts II, V, VII, VIII, X, and XI.

## B.    Count IX

In Count IX, Plaintiffs allege that WPR violated the FDCPA by sending them a letter stating that late fees could be imposed despite there being no legal basis for doing so.  The letter in question, attached as an exhibit to the Second Amended Complaint, demands "payment of [Plaintiffs'] mortgage deficiency balance of $62,160.87," and notes that "[t]he amount due on the day [Plaintiffs] pay may be greater because of additional interest, late fees, attorney fees and costs." (Doc. #61-11.) According to Plaintiffs, this violates the FDCPA's prohibition against using "any false representation or deceptive means to collect or attempt to collect a debt."  15 U.S.C. § 1692e(10).

For the purposes of its motion to dismiss, WPR does not contend that it was permitted to collect late fees in addition to Plaintiffs' deficiency balance.  Instead, WPR argues that, despite the language in its letter, it never actually sought late fees and, therefore, did not violate the FDCPA.  See Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856, 866 (S.D. Ohio 2005) (granting summary judgment in favor of defendant where communications referenced attorney fees in the abstract but defendant never attempted to collect them).  Determining whether WPR sought late fees (or improperly used the threat of late fees as a collection tactic) is a factual determination that is inappropriate in the context of a motion to dismiss.  At this juncture, Plaintiffs' allegations that WPR sought late fees to which it was not entitled and threatened the imposition of additional impermissible late fees if payment was not made are sufficient to state a cause of action under the FDCPA.  Newman v. Ormond, 396 F. App'x 636, 640 (11th Cir. 2010).  Accordingly, WPR's motion to dismiss is denied as to Count IX.

C.   **Plaintiffs' Jury Trial Demand**

WPR moves to strike Plaintiffs' demand for a jury trial based upon Plaintiffs' waiver in the underlying mortgage.  The mortgage provides that "[t]he Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at low or in equity, arising out of or in any

way related to this Security Instrument or the Note." (Doc. #70, p. 19.) "A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary," Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 F. App'x 820, 823 (11th Cir. 2006), and courts have enforced identical waiver language in other mortgages under the same facts presented here, see Murphy v. Cimarron Mtg. Co., No. 06-cv-2142, 2007 WL 294229, at *2 (M.D. Fla. Jan. 29, 2007) (applying identical waiver to FDCPA and FCCPA causes of action against mortgagor for improper collection practices). Assuming Plaintiffs knowingly and voluntarily waived their right to a jury trial at the time they executed the mortgage, as a result of the entry of the Final Judgment of Foreclosure, the mortgage was extinguished. Therefore, Plaintiffs' waiver is no longer in force.

It is well-settled under Florida law that upon the entry of a foreclosure judgment "[t]he mortgage is merged into the judgment, is thereby extinguished, and loses its identity." JPMorgan Chase Bank, N.A. v. Hernandez, 99 So. 3d 508, 511 (Fla. 3d DCA 2011) (quotation omitted) (collecting cases). Here, the Final Judgment of Foreclosure was issued on June 27, 2011. (Doc. #61-2.) It contains no jury waiver provision. (Id.) The earliest communication giving rise to Plaintiffs' causes of action occurred on December 20, 2011. (Doc. #61, ¶ 13.) By that time, the mortgage was extinguished. Thus, as stated in their letters to Plaintiffs,

Defendants were attempting to collect the deficiency balance set forth in the Final Judgment of Foreclosure.  (Docs. ##61-4 to 61-12.)  Other than the waiver in the now-extinguished mortgage, Defendants cite no support for their argument that Plaintiffs waived their right to a jury trial for claims arising from *that* debt.  Therefore, WPR's motion to strike Plaintiffs' demand for a jury trial is denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motions to Dismiss (Docs. ##68, 70, 74) are **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __14th__ day of January, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record